COVINGTON, Chief Judge.
Defendant, Cornelius Pender, was charged by bill of information with aggravated battery, a violation of LSA-R.S. 14:34. Pursuant to a plea bargain,[1] defendant pled guilty as charged. After a presen-tence investigation and a sentencing hearing, the trial court sentenced defendant to imprisonment at hard labor for a term of ten years.
In bringing this appeal, defendant urges as his only assignment of error that his sentence is excessive and that the trial court failed to comply with the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1. Specifically, defendant argues that the trial court failed to adequately consider mitigating factors in this case.
Factual background for the instant offense is revealed by the presentence investigation report. The instant offense occurred at a pool hall in East Baton Rouge Parish on January 8, 1987. According to statements given to the police by several eyewitnesses, defendant struck Johnny Davis, the victim, in the face with a forty ounce beer bottle. On impact, the glass bottle broke into pieces; and the victim fell to the floor. Contrary to defendant’s assertions, at least two eyewitnesses stated that the victim did nothing to provoke defendant’s attack. Following the attack, *557 witnesses heard defendant say: “I f — ed him up.” The victim began to bleed profusely and was taken to the hospital.
According to police reports attached to the presentence investigation report, the victim suffered severe facial wounds consisting of several deep lacerations about his eyes and forehead, i.e., an approximate five inch laceration over the right eye and in the forehead, another severe laceration to the left eye, a smaller laceration near the bridge of the nose and a laceration to the upper lip. The physician who initially examined the victim after the crime told the police that the victim would probably lose the sight of his left eye.
Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). Maximum sentences are imposed for the most serious violations of the described offense and for the worst kind of offender. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Tate, 506 So.2d 546 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987). Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
A trial court’s reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.-1, are an important aid to this Court when reviewing a sentence alleged to be excessive. State v. Christy, 509 So.2d 829 (La.App. 1st Cir.) writ denied, 513 So.2d 296 (La.1987). The trial court need not recite the entire checklist found in LSA-C.Cr.P. art. 894.1. However, the record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). Even when the trial court has not complied with LSA-C.Cr.P. art. 894.1, this Court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Davis, supra.
Aggravated battery is punishable by imprisonment with or without hard labor for not more than ten years and a possible fine of not more than five thousand dollars. LSA-R.S. 14:34. Herein, defendant was sentenced to imprisonment for ten years at hard labor; and no fine was imposed.
The presentence investigation report showed that as a juvenile defendant had been referred to juvenile authorities as follows: (1) on April 5, 1974, for truancy; (2) on May 27, 1982, for unlawful entry and aggravated assault; and (3) on January 13, 1984, for seven burglaries and six thefts and automobile burglaries. Although the report classified defendant as a first felony offender, it disclosed that (exclusive of the instant offense) defendant’s adult criminal record included two arrests for simple battery, simple burglary of an inhabited dwelling, disturbing the peace, resisting an officer and felony theft, and single arrests for simple burglary and attempted aggravated assault.
The presentence investigation report also disclosed that defendant had a long history of emotional as well as behavioral problems. Several reports concerning defendant’s psychological condition were attached to the presentence investigation report; and included among them was a letter written by Dr. Hypolite T. Landry, Jr., in 1974 when defendant was eight years old. In *558 the letter, written to a school psychologist, reference was made to an incident in which defendant pushed a child in front of a moving school bus and a fighting incident at school which required the assistance of five adults when defendant began “really hurting” a child with a piece of lead pipe.
In strongly recommending the maximum sentence for the instant offense, the pre-sentence investigation report noted that defendant had a lengthy history of violent and disruptive behavior, dating back to when he was only eight years old, which continued into adult life. The report further noted that, if placed on probation, defendant posed a great threat to the community at large as well as to himself because of his history of unprovoked violent behavior.
At sentencing, the trial court specifically referred to the contents of the letter Dr. Landry had written concerning defendant when he was only eight years old. The court asked defendant his present age, and defendant stated that he was twenty years old. In imposing sentence, the trial court stated the following:
Twelve years ago Doctor Landry said you were vicious. You have a horrible work record, significant prior criminal history. Your conduct did threaten serious harm. You failed to show any remorse from your crime. You’re in need of custodial environment. You are classified as a first felony offender. The victim was seriously injured in this matter. Apparently you attacked this man with no provocation or at least legal provocation; struck the man in the face with a beer bottle. This was reduced from attempted murder to aggravated battery.[2] Unfortunately it’s people like that you that all we can do is warehouse, put you away, take you away from other people and when you get out you're going to do the same thing probably, or worse. All I can do is try to make the streets a little safer for the next few years.
In the instant case, defendant substantially reduced his penalty exposure by entering the guilty plea in exchange for the state’s agreement to nolle prosequi the charge of simple burglary of an inhabited dwelling.[3] While not controlling, the plea bargain should be included as a factor in determining whether a sentence is excessive. See State v. Smack, 425 So.2d 737 (La.1983).
In our view, the trial court adequately complied with the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1, and the sentence imposed is not apparently severe in relation to defendant or the offense committed. Under the circumstances of this case, we are unable to say that the trial court abused its discretion in sentencing defendant to ten years imprisonment at hard labor. Thus, we find defendant’s sentence is not excessive.
This assignment of error lacks merit.
AFFIRM CONVICTION AND SENTENCE.

. At defendant’s Boykin hearing, it was disclosed that as part of the plea agreement the state nolle prosequied a charge of simple burglary of an inhabited dwelling then pending against defendant.

. The trial court’s statement regarding the reduction (of the charge) from attempted second degree murder to aggravated battery is an apparent reference to the fact that defendant was arrested for attempted second degree murder. Later, in the bill of information, defendant was formally charged with aggravated battery.

. Simple burglary of an inhabited dwelling is punishable by imprisonment at hard labor for "not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.” LSA-R.S. 14:62.2.