[ .BROWN, Judge.
After an exchange of insults between two groups of people in a bar, a fight broke out and defendant, Joyce Jones, slashed the face of the victim, Lisa Moore, with a knife. She was convicted by a jury of aggravated battery, a violation of La. R.S. 14:34, and sentenced to two and one-half years at hard labor. Defendant contends that the sentence is excessive. We affirm.

FACTS

The incident occurred at Richard Lee’s Lounge in Richwood, Louisiana, on February 14, 2000. Several women, including defendant^ became involved in an argument with several other women, including the victim. The underlying cause was the current romantic involvement of the victim’s sister with a man with whom defendant was once involved. Loud remarks passed between the two groups regarding *1232 sexual habits and character. Tensions increased. Someone bumped someone and a fight broke out. Defendant slashed Lisa Moore’s face.
At sentencing, defendant admitted to picking up a knife from the floor and using it during the fight. She denied that she intended to use the knife to cut Ms. Moore’s face. She said that she had nothing against Ms. Moore and did not know her.
Defendant is 30 years old. She stated that she is the single parent of a 13-year-old son. She has worked for nine years at the Mary Goss Nursing Home. She has no prior convictions.
Cognizant of these facts, the court articulated its belief that a period of incarceration was nevertheless appropriate in this instance and sentenced | ¡.defendant to two and one-half years at hard labor with credit for time served.
Defendant’s timely motion to reconsider sentence was denied. On appeal, the defendant contends that the sentence imposed is harsh and excessive given the facts and circumstances of the case.

DISCUSSION

Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir.04/02/97), 691 So.2d 864.
In this instance, the record shows that the trial court considered the matters urged by the defense prior to imposing sentence. The court noted that this was defendant’s first conviction. It inquired about her stable work history and her family life and stated that these were factors in her favor. The court permitted defendant to speak about herself and was clearly interested in why she cut the victim.
The trial court also noted the seriousness of the injury to the victim and that the crime occurred in a public place. The trial court concluded that there was no provocation for defendant to cut the victim across the face.
[¡¡The sentence of two and one-half years at hard labor does not shock our sense of justice in view of the particularly vicious nature of the crime. Defendant intentionally inflicted permanent facial injuries on the victim. The sentence is clearly not excessive.
AFFIRMED.