924 So.2d 485 (2006)
STATE of Louisiana, Appellee
v.
Deborah Ann MOOSSY, Appellant.
No. 40,566-KA.
Court of Appeal of Louisiana, Second Circuit.
March 10, 2006.
*486 Louisiana Appellate Project, by Paula C. Marx, Lafayette, for Appellant.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Dale G. Cox, Assistant District Attorneys, for Appellee.
Before STEWART, PEATROSS and LOLLEY, JJ.
STEWART, J.
The defendant, DeBorah Ann Moossy, was charged by bill of information with aggravated battery. After a bench trial, the defendant was found guilty as charged. The trial court imposed a sentence of five years at hard labor, with credit for time served. The defendant appeals claiming that the sentence is excessive, the trial court failed to sufficiently consider the sentencing guidelines, and the court erred in imposing a sentence immediately after the denial of the Motion for Post Verdict Judgment of Acquittal. We affirm.

FACTS
The record reflects that on February 16, 2004, Shelli Lindsey stopped by the defendant's home to offer her dog food because the dog appeared to be malnourished. Once Lindsey exited the car, the defendant, who was seated outside with her dog, attacked Lindsey by hitting her several times with a dog leash. The defendant also struck Lindsey on the back of her neck and lower back with a tree limb that had fallen from a nearby tree. As Lindsey drove away, the defendant threw the tree limb at Lindsey's car.
Following a trial on the merits, Moossy was found guilty as charged of aggravated battery and sentenced to five years at hard labor with credit for time served. This appeal ensued.

DISCUSSION

Excessive Sentence
The defendant's first two assignments will be analyzed together because they are both related to her claim of excessive sentence. Moossy claims that the court failed to consider mitigating factors in imposing its sentence and failed to articulate sufficient reasons to justify the sentence rendered.
*487 In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
Responding to the sentencing guidelines, the court noted that the defendant is a first felony offender, who has a prior conviction for simple battery. The court also stated that the present offense was an enumerated crime of violence. The offense was committed with a tree limb which, in the manner used, was a dangerous weapon. Additionally, the court noted the victim's injuries for which she sought medical treatment. The court stated that any lesser sentence would deprecate the seriousness and gravity of the offense.
The crime of aggravated battery carries a potential sentence of imprisonment, with or without hard labor, for not more than ten years and a fine of up to $5,000. La. R.S. 14:34. The trial court imposed a sentence of five years at hard labor, with credit for time served. Considering the totality of the record, this sentence is not constitutionally excessive. The sentence is lenient and mid-range. Further, the court did not impose a fine upon the defendant. Additionally, the defendant is a first felony offender, who has previously been convicted of simple battery. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense or that it is shocking to our sense of justice. These assignments are without merit.

Denial of the Motion for Post Judgment Verdict of Acquittal
The defendant argues that the trial court did not observe the 24-hour delay in sentencing, as required by La. C. Cr. P. art. 873. The defendant contends that the purpose of the delay is to allow a defendant to file pleadings before being sentenced. The defendant also argues that prejudice has resulted in the absence of the 24-hour delay and remand is required for resentencing under the circumstances.
Citing State v. Drane, 36,230 (La.App.2d Cir.9/18/02), 828 So.2d 107, writ denied, 2002-2619 (La.3/28/03), 840 So.2d 566, the *488 state argues that the defendant has not made a showing of prejudice. Therefore, the trial court's failure to observe La. C. Cr. P. art. 873 is a harmless error, and there is no need to remand for resentencing.
La. C. Cr. P. art. 873 provides that, "[i]f a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately."
Absent a showing that the defendant was prejudiced by the failure to observe this delay, the court is not required to remand the case for resentencing. State v. Drane, supra. The 24-hour delay was not so imperative as to require a resentencing where the defendant could not show that he suffered prejudice from the violation. State v. White, 404 So.2d 1202 (La.1981). La. C. Cr. P. art. 921 provides that a judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. When the defendant's substantial rights are not affected by the trial court's decision not to observe the 24-hour delay, the failure is a harmless error. State v. White, supra; State v. Drane, supra.
In the present case, the trial court did not observe the 24-hour delay, and the defendant did not waive the delay. The defendant was given a mid-range sentence and has failed to show any prejudice. The defendant merely contends that the purpose of the delay was to allow a defendant a chance to file pleadings; however, the defendant failed to state any prejudice that resulted in her particular case. The defendant's substantial rights were not affected by the trial judge's decision not to follow the 24-hour delay; therefore, the failure was a harmless error. Accordingly, this assignment is also without merit.

CONCLUSION
Based on the above and foregoing, we affirm the defendant's sentence and conviction.
AFFIRMED.