STATE OF LOUISIANA
v.
CEDRIC JAMISON
No. 2008 KA 1022.
Court of Appeals of Louisiana, First Circuit.
November 14, 2008.
WALTER P. REED, District Attorney, Covington, LA, KATHRYN LANDRY, Special Appeals Counsel, Baton Rouge, LA., Counsel for Plaintiff/Appellee State of Louisiana.
MARY E. ROPER, Louisiana Appellate Project, Baton Rouge, LA., Counsel for Defendant/Appellant Cedric Allen Jamison.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
HUGHES, J.
The defendant, Cedric Jamison, was charged by grand jury indictment with aggravated rape (a violation of LSA-R.S. 14:42) and by bill of information with aggravated incest (a violation of LSA-R.S. 14:78.1). The State amended the indictment to charge the defendant with attempted aggravated rape (a violation of LSA-R.S. 14:42 and LSA-R.S. 14:27). The defendant withdrew a previous not guilty plea and pled guilty to attempted aggravated rape and aggravated incest. On the attempted aggravated rape conviction, the defendant was sentenced to twenty-five years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. On the aggravated incest conviction, the defendant was sentenced to twenty years imprisonment at hard labor. The trial court ordered that the sentences be served concurrently. The defendant now appeals, assigning error to the trial court's denial of his motion to reconsider sentence. For the following reasons, we affirm the convictions and sentences.

STATEMENT OF FACTS
As the defendant entered guilty pleas herein, the facts were not fully developed at a trial. However, the State submitted the following before the trial court accepted the guilty pleas.
Your Honor, the factual basis is as follows: On the date of August 5, 2001, the mother of both victims walked in into her ten year old, then ten year old daughter's bedroom and at that time discovered the defendant molesting that ten year old daughter. And that particular incident forms the basis for the charge in 339101. And in that particular incident the defendant was touching the victim's breast area. Her underwear was partially removed. The defendant's underpants and underwear were partially removed.
The defendant gave a statement admitting that there was partial removal of underwear and that the devil had made him do this, had made him lust after his daughter. That he knew what he had done was wrong. The discovery of that incident by the mother prompted a disclosure by the ten year old victim that her six year old sister had also been victimized by the defendant. That six year old, then six year old victim is the victim in the rape charge pending under docket 339068.
Following that disclosure the six year old was interviewed both by  well, by law enforcement, by Office of Community Services and by Dr. Scott Benton at Children's Hospital. In each of those situations the six year old victim disclosed that on numerous occasions in an approximate 18-month period the defendant laid down with her in a bed inside the residence. Clothes were removed. There was genital to genital contact involving the defendant and the six year old. That the defendant would ask the six year old if it felt good. She told him that no, that it actually hurt. She also in addition to speaking about what occurred to her she also drew pictures of the defendant on top of her on a bed with no clothes on. Indicating also that there was genital to genital contact. At times the victim used the word getting booty to describe that behavior by the defendant. The events of these cases occurred within St. Tammany Parish.
The trial court took judicial notice of the defendant's date of birth as provided by the defendant, October 23, 1960, and found the factual bases sufficient.

ASSIGNMENTS OF ERROR NUMBERS ONE. TWO, AND THREE
In a combined argument for the assignments of error raised herein, the defendant argues that the trial court abused its discretion in failing to order a presentence investigation (PSI) report (assignment of error number one). The defendant further argues that the trial court failed to consider the sentencing factors listed in LSA-C.Cr.P. art. 894.1 (assignment of error number two). And the defendant concludes that the trial court abused its discretion in failing to reconsider his sentences (assignment of error number three). The defendant notes that the trial court did not state any factors considered in imposing the sentences. Contending that there was no indication that the trial court was aware of the defendant's criminal or social history, the defendant argues that the sentences were solely based on the assertion of facts by the State. While acknowledging that the trial court is not required to order a PSI report, the defendant argues that it was an abuse of discretion to not do so in this case due to the severity of the offenses and the sentencing exposure.
A review of the transcript of the defendant's guilty plea indicates that the defendant seeks review of sentences imposed in conformity with a plea agreement set forth in the record at the time of the plea. While the defendant notes that his attorney unsuccessfully attempted to amend the plea agreement in accordance with a prior offer by the State, nonetheless, the record is clear that all parties, including the defendant, were aware of the agreed upon sentences. The defense attorney stated the agreed upon sentences for the record and the trial court reiterated the sentences before accepting the defendant's guilty plea. The defendant nodded affirmatively when specifically asked if his attorney previously indicated the specified sentences. It is well settled that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2(A)(2). See State v. Young, 96-0195, p. 7 (La. 10/15/96), 680 So.2d 1171, 1175. Thus, review of the defendant's assignments of error is procedurally barred.
Moreover, in his motion to reconsider sentence and addendum thereto the defendant did not raise the issue of the trial judge's failure to order a PSI report or to comply with LSA-C.Cr.P. art. 894.1. Thus, Article 881.1(E) further precludes the defendant from raising these issues on appeal. At any rate, we note that even when the trial court has not complied with Article 894.1, this court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or offense committed. State v. Pender, 521 So.2d 556, 557 (La. App. 1 Cir. 1988). Further, as noted by the defendant, there is no mandate that a PSI report be ordered, and the trial court's failure to order a PSI report will not be reversed absent an abuse of discretion. See LSA-C.Cr.P. art. 875(A)(1); State v. Wimberly, 618 So.2d 908, 914 (La. App. 1 Cir.), writ denied, 624 So.2d 1229 (La. 1993). Based on the record before us, we do not find that the sentences are apparently severe or that the trial court abused its discretion in imposing the agreed upon sentences without ordering a PSI. Thus, even if we were to consider the defendant's arguments, we would find them baseless. Accordingly, we affirm the defendant's convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.