DREW, JJ.
 

 11 Defendant, Courtney Rikel Burton, pled guilty to aggravated battery and was sentenced to serve 10 years of imprisonment at hard labor, consecutive with any other sentence. He now appeals, alleging excessiveness. We affirm.
 

 The record shows that on December 10, 2007, Burton fired shots at several men. The victim was hit by shotgun pellets in his leg and thigh.
 

 Burton was originally charged with attempted second degree murder, which could have resulted in a 50-year hard labor sentence, without benefits. La. R.S. 14:27 and 14:30.1. As a result of a plea bargain agreement, Burton pled guilty to the lesser charge of aggravated battery, La. R.S. 14:34.
 

 At sentencing, the trial court discussed the facts of the case at length and Burton’s criminal record in detail. The trial court acknowledged Burton’s responsibilities as a new father, but observed that the pattern of his life of violence
 
 [1]
 
 strongly suggests that this behavior is likely to recur. No optional fine was imposed. Burton’s timely filed motion to reconsider sentence was denied. This appeal followed.
 

 The defense assigns as error that Burton’s sentence is excessive in light of the mitigating factors presented in the presen-tence investigation.
 

 Our law on review of sentences for excessiveness is well settled.
 
 [2]
 

 |aThe trial court adequately discussed the facts of the case and stated that all of
 
 *1074
 
 the information presented in the presen-tence investigation report was considered. The court acknowledged letters from family members and the fact that Burton has a one-year-old son. However, the court found that Burton should receive the maximum prison sentence.
 

 We do not find that this sentence is grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice. Burton received a significant reduction in potential exposure to confinement| ..¡through his plea bargain agreement. This assignment is therefore without merit.
 

 For the foregoing reasons, the conviction and sentence are AFFIRMED.
 

 [1]
 

 . Defendant was arrested four times in 2007, with each incident involving violence.
 

 [2]
 

 . The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La. 1982);
 
 State v. Swayzer,
 
 43,350 (La. App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v.
 
 
 *1074
 

 Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir. 1/28/04), 865 So.2d 280,
 
 writ denied,
 
 2004-0597 (La.9/24/04), 882 So.2d 1165.