# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 11-695

**STATE OF LOUISIANA**

**VERSUS**

**CLARENCE G. GUIDRY, JR.**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 08-1032
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, Louisiana 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Clarence C. Guidry, Jr.

**J. Phil Haney**
**District Attorney – Sixteenth Judicial District**
**Angela B. Odinet – Assistant District Attorney**
**St. Martin Parish Courthouse**
**307 Church Street**
**St Martinville, Louisiana  70582**
**(337) 394-2220**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Clarence G. Guidry, Jr., appeals his eight-year sentence as a result of his conviction of aggravated battery, alleging excessive sentence. For the following reasons, we affirm.

Defendant was charged by bill of information in count one with aggravated battery, a violation of La.R.S. 14:34, and in count two with possession of marijuana, first offense, a violation of La.R.S. 40:966(E)(1). Pursuant to a plea bargaining agreement, Defendant pled guilty to aggravated battery with the charge of possession of marijuana being dismissed and the State agreeing not to charge Defendant as a habitual offender. Accordingly, Defendant was sentenced to serve eight years at hard labor.

Prior to his appeal, Defendant thrice challenged his sentence in the trial court. First, he filed a pro se Motion for Reconsideration, which was summarily denied. Secondly, he filed a pro se Motion to Amend and Modify of [sic] Sentence, which was summarily denied. Lastly, Defendant filed a pro se Motion to Clarify Sentence, which was also summarily denied. Defendant is now before this court on appeal, arguing that his sentence is excessive.

## FACTS AND PROCEDURAL HISTORY

On April 29, 2008, an off-duty deputy working security at a restaurant in Iberia Parish was advised of an altercation at a hotel. Upon his arrival, he saw the victim running away, bleeding from her head. A witness identified Defendant as the assailant, and he was found holding a beer bottle. The deputy instructed Defendant to drop the beer bottle. Upon his refusal to comply, he was taken into custody. The statements of the victim and witnesses indicated that Defendant struck the victim over the head with a beer bottle.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note one error patent.

There is a misjoinder in the bill of information. The bill of information charged Defendant with aggravated battery, a violation of La.R.S. 14:34, and possession of marijuana, first offense, a violation of La.R.S. 40:966(E)(1). Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill of information under limited circumstances, if the offenses joined are triable by the same mode of trial. The offense of aggravated battery is a felony and is triable by a jury; whereas, the possession of marijuana, first offense, is a misdemeanor and tried via bench trial. La.Code Crim.P. arts. 779 and 782. Because Defendant was entitled to a jury trial for the felony charge and was not entitled to a jury trial on the misdemeanor charge, the offenses were not triable by the same mode of trial and should not have been charged in the same bill of information. La.Code Crim.P. art. 493. However, because Defendant failed to file a motion to quash the bill of information based on the misjoinder, he has waived any error.[1] La.Code Crim.P. art. 495; *State v. Mallet*, 357 So.2d 1105 (La.1978), *cert. denied*, 439 U.S. 1074, 99 S.Ct. 848 (1979).

## ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

By these assignments of error, Defendant argues that his sentence is excessive, considering the mitigating circumstances of the case and the trial court's failure to adequately consider the factors listed in La.Code Crim.P. art. 894.1.

---

[1]Any procedural issue regarding improper filing of an appeal which included the misdemeanor is moot since the misdemeanor charge was dismissed.

2

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1[, 3] (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784[, p. 2] (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for aggravated battery as set forth in La.R.S. 14:34 is imprisonment, with or without hard labor, for not more than ten years, a fine of not

more than $5,000.00, or both. Although Defendant's sentence, eight years at hard labor, is in the upper statutory range, he did not receive the maximum possible sentence. Also, Defendant was spared a significant fine. Additionally, as a result of his plea agreement, Defendant, classified as a third felony offender, avoided a substantial enhancement of his sentence when he was not charged and adjudicated as a habitual offender. La.R.S. 15:529.1.

At Defendant's guilty plea hearing, he testified he was born on October 5, 1962, and completed the eighth grade in school. Defendant stated he could read and write and was able to read his plea agreement. He also indicated he was disabled and was receiving disability payments. Lastly, Defendant stated that he had served ten years in the army and had no children under the age of seventeen whom he supported.

At sentencing, prior to imposition of sentence, Defendant testified that at the time of the incident, he was medicated and on alcohol. He also asserted he attempted to attend Alcoholics Anonymous meetings prior to his arrest. Lastly, Defendant stated he had repented while in jail, asked Jesus to forgive him, and was re-baptized.

The trial court responded by telling Defendant his baptism was an outward expression of an inner conversion, and his life would be an obvious expression of his inner conversion. His conversion, the trial court stated, did not excuse him from the consequences of his behavior.

In Defendant's presentence investigation report, the trial court observed that Defendant had been a member of the National Guard for ten years and had been honorably discharged. The trial court also noted Defendant's extensive history of arrests—thirty arrests between June of 1982 and the date of the instant offense, the majority of which involved serious, violent felonies reduced to misdemeanors. He

4

pled numerous times to simple battery. The trial court acknowledged that Defendant had a problem with alcohol and possibly prescription drugs. Although Defendant was classified as a third felony offender, the State agreed not to charge him as a habitual offender. As such, the trial court noted that Defendant avoided a possible life sentence.

The trial court also considered the nature of Defendant's relationship with the victim and his continued behavior after commission of the offense. The victim filed a Victim Impact Statement; however, that statement was not received by the trial court until the day of sentencing, just prior to the hearing. The parties agreed that the statement was consistent with the victim's statement given to the probation officer and her testimony at Defendant's bond revocation hearing.[2]

With regard to Defendant's bond revocation, the record reflects the State filed a motion to revoke his bond on July 30, 2009, due to his continued attempts to contact the victim by telephone. As a condition of his bond pending sentencing, the trial court instructed Defendant to have no contact with the victim. Following a hearing on August 17, 2009, Defendant's bond was revoked.

In the victim's impact statement, she stressed that Defendant should receive the maximum penalty. She described numerous physical injuries she endured as a result of Defendant's abuse. The victim also believed Defendant would kill her or someone else. According to the victim, Defendant hated authority, was a heavy drug user, had no control over his anger, and was a threat to the community. Lastly, the victim stated that Defendant bragged to others about how he physically harmed her and used her for her money.

---

[2]A transcript of the bond revocation hearing, however, is not in the record. Thus, we are unable to review the victim's testimony.

In support of his excessive sentence claim, Defendant refers to the following four cases wherein the trial court imposed a lesser sentence for aggravated battery. Unlike Defendant in the instant case, however, the defendants in both *State v. Jones*, 35,020 (La.App. 2 Cir. 9/26/01), 795 So.2d 1231 (two and one half years at hard labor), and *State v. Moossy*, 40,566 (La.App. 2 Cir. 3/10/06), 924 So.2d 485 (five years at hard labor), were first felony offenders. In *State v. Vance*, 45,250 (La.App. 2 Cir. 5/19/10), 36 So.3d 1152 (seven years at hard labor), the defendant's plea agreement included a sentencing cap of seven years. Thus, his seven-year sentence was the maximum sentence he could have received. Lastly, in *State v. Edwards*, 06-643 (La.App. 5 Cir. 3/27/07), 957 So.2d 185, *writ denied*, 08-1988 (La. 8/29/08), 989 So.2d 110, the defendant was sentenced to seven years at hard labor for backing over the victim with a car. Although the victim did not suffer a permanent injury, the court found the damage could have been considerably worse. That defendant had a prior conviction for burglary at the age of seventeen, and thirteen years later, he pled guilty to being a "Peeping Tom." He lived with his wife, who was pregnant at the time of trial, and his five children. He owned his own trucking business, and his job was the family's sole source of income.

Numerous cases are reported wherein the maximum sentence was imposed on a defendant with a significant criminal history. In a case factually similar to the instant case, *State v. Pender*, 521 So.2d 556 (La.App. 1 Cir. 1988), the defendant was sentenced to ten years at hard labor for striking the victim in the face with a forty-ounce beer bottle without provocation. In addition to a significant juvenile record, the twenty-year-old's adult criminal record included two arrests for simple battery, simple burglary of an inhabited dwelling, disturbing the peace, resisting an officer, felony theft, and single arrests for simple burglary and attempted

6

aggravated assault. He was, however, classified as a first felony offender. That defendant also had a lengthy history of violent and disruptive behavior dating back to when he was eight years old. Lastly, that defendant substantially reduced his penalty exposure by entering his guilty plea in exchange for the State's agreement to drop the charge of simple burglary of an inhabited dwelling.

In a more recent case, *State v. Burton*, 44,670 (La.App. 2 Cir. 9/23/09), 22 So.3d 1071, the defendant, originally charged with attempted second degree murder, pled guilty to aggravated battery and was sentenced to ten years at hard labor. In that case, the defendant fired a shotgun at several men, hitting the victim in his leg and thigh with pellets. At sentencing, the trial court considered the fact that the defendant was a new father but found that his lengthy criminal record with a pattern of violence suggested the behavior was likely to recur.

Considering the mitigating and aggravating factors in the instant case, we do not find Defendant's sentence excessive. Despite Defendant's significant criminal history and his brutal and unprovoked behavior, he did not receive the maximum sentence, which is reflective of the trial court's consideration of the mitigating factors. Moreover, Defendant received a significant benefit as a result of his plea agreement and avoided prosecution as a habitual offender. Lastly, the record simply does not support Defendant's claim that the trial court failed to follow the sentencing guidelines of La.Code Crim.P. art. 894.1. Accordingly, we find Defendant's assignments of error to be without merit.

## DISPOSITION

Defendant's sentence is affirmed.

**AFFIRMED.**

7