NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 11-1460


STATE OF LOUISIANA

VERSUS

EDWIN N. RIVERA


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 25274-10
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Beth Smith Fontenot**
**Louisiana Appellate Project**
**P. O. Box 3183**
**Lake Charles, LA 70602**
**(337) 491-3864**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Edwin N. Rivera**

**EZELL, Judge.**

The Defendant, Edwin N. Rivera, was charged by bill of information filed on July 28, 2010, with home invasion, a violation of La.R.S. 14:62.8, and second degree sexual battery, a violation of La.R.S. 14:43.2. The Defendant entered a plea of not guilty on August 9, 2010. On January 26, 2011, the Defendant entered a plea of guilty to the charges. The Defendant was sentenced on May 11, 2011, to serve fifteen years with the Department of Corrections, with five years suspended, for home invasion. The first five years of the sentence were to be served without benefit of probation, parole, or suspension of sentence. The trial court further ordered the Defendant be placed on probation for five years upon his release from incarceration. He was also sentenced to serve twelve years with the Department of Corrections without benefit of probation, parole, or suspension of sentence for second degree sexual battery. The sentences were to be served concurrently.

A motion for appeal was filed on May 13, 2011, and was granted. A motion to reconsider sentence was filed on May 27, 2011, and was subsequently denied.

The Defendant is now before this court asserting two assignments of error. Therein, he contends his guilty pleas to both home invasion and second degree sexual battery violated his constitutional protection against double jeopardy, as the same evidence was used to support his plea to both offenses. He additionally contends the sentences imposed by the trial court were excessive. We find the Defendant's double jeopardy and excessive sentence claims lack merit.

## FACTS

The Defendant pled guilty to home invasion and second degree sexual battery. The factual basis for the plea is set forth in our analysis of the Defendant's double jeopardy claim.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, the Defendant contends his guilty plea to both home invasion and second degree sexual battery violated his constitutional protection against double jeopardy, as the same evidence was used to support his plea to both offenses.

> Generally, guilty pleas constitute a waiver of all non-jurisdictional defects, *see*, *e.g.*, *State v. McKinney*, 406 So.2d 160, 161 (La.1981), and generally courts review them only to ensure that the plea "was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). Though the Supreme Court and this Court have created an exception to this rule for double jeopardy violations, *Broce*, 488 U.S. at 575-76, 109 S.Ct. at 765; *State ex rel. Adams v. Butler*, 558 So.2d 552, 553 n. 1 (La.1990), that exception applies only "where on the face of the record the court had no power to enter the conviction or impose the sentence." *Broce*, 488 U.S. at 575-76, 109 S.Ct. at 765. Properly applied, the exception requires limited review of only the charging documents and plea colloquy. *See Hagan v. State*, 836 S.W.2d 459, 461 (Mo.1992).

*State v. Arnold*, 01-1399, p. 1 (La. 4/12/02), 816 So.2d 289, 290.

In *State v. Archield*, 09-1116, p. 4 (La.App. 3 Cir. 4/7/10), 34 So.3d 434, 438, *writ denied*, 10-1146 (La. 5/20/11), 63 So.3d 972, this court set forth the tests to be applied when reviewing a double jeopardy claim, explaining:

> Both the United States and Louisiana Constitutions prohibit double jeopardy; the imposition of multiple punishments for a single criminal act. *See* U.S. Const. amend. V; La. Const. art. 1, § 15. *See also*, La.Code Crim.P. art. 591. Louisiana courts use two methods, the "Blockburger Test" and the "same evidence test", to determine whether double jeopardy exists. *State v. Williams*, 07-931 (La.2/26/08), 978 So.2d 895.
>
> In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the United States Supreme Court interpreted the Fifth Amendment's prohibition of double jeopardy and enunciated the following test to be employed by the federal courts, as follows:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

In interpreting Article 1, Section 15 of the Louisiana Constitution, Louisiana courts have also used the broader "same evidence test" which provides:

> If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.

*State v. Cotton*, 00-850, p. 5 (La.1/29/01), 778 So.2d 569, 573, quoting *State v. Steele*, 387 So.2d 1175, 1177 (La.1980).

The Defendant alleges his convictions for home invasion and second degree sexual battery constitute double jeopardy under the same evidence test; thus, we will not address the *Blockburger* test.

Louisiana Revised Statutes 14:62.8 defines home invasions as follows:

[T]he unauthorized entering of any inhabited dwelling, or other structure belonging to another and used in whole or in part as a home or place of abode by a person, where a person is present, with the intent to use force or violence upon the person of another or to vandalize, deface, or damage the property of another.

Louisiana Revised Statutes 14:43.2 defines second degree sexual battery, in pertinent part:

A. Second degree sexual battery is the intentional engaging in any of the following acts with another person when the offender intentionally inflicts serious bodily injury on the victim:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender;  or

. . . .

B. For the purposes of this Section, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of

the function of a bodily member, organ, or mental faculty, or a substantial risk of death.

At the time the Defendant entered his plea of guilty, the State set forth the following factual basis (emphasis added):

> June 28th, 2010, a white female, date of birth June 12th, 1992, was at 3918 Auburn Street, her boyfriend's home. -- I'm sorry -- 3917. And her boyfriend left to go to school; and about ten minute[s] later, the backdoor [sic] comes open. The defendant comes into the residence. Immediately, in an aggressive manner, heads toward the female, spraying her in her face and eyes with pepper spray, battering her, throwing her down on the floor, pulled her boxer shorts and panties down, and inserted his finger into her vagina.
>
> She was put in extreme pain by the amount of pepper spray that was sprayed into her eyes and facial area and suffer [sic] the pain for at least a week later.
>
> Between her fighting and I believe her dog, who was there, coming after the defendant, she was able to free herself from the defendant. And then he fled from the scene. Just so happened that an off duty officer was out jogging and had noticed him earlier, acting suspiciously, saw him running; and when the call came through, the cop put two and two together. And he was stopped before he had gotten back to his vehicle, which he had parked down the street from her residence.
>
> When the police got there, they, of course, were gathering evidence, including the clothing from the victim; and they found a dark blue condom on a table in the residence, close to the area where he had thrown the victim down. D N A testing revealed that his D.N.A. was on that condom.
>
> **So, all of the elements of home invasion came in: With a person present, used force or violence upon her, then attacked her, forced his finger into her penis (sic) and injured her, causing extreme pain to her eye and facial area by the excessive amount of pepper spray that he sprayed into her face and eyes.**

The Defendant quotes the highlighted portion of the factual basis set forth by the State. The Defendant contends the crime of home invasion would have been complete when he entered the residence with the intent to use force or violence and sprayed pepper spray in the victim's eyes. Further, the crime of second degree sexual battery was not a separate and distinct offense, as the State relied upon the spraying of pepper spray to prove the serious bodily injury element of second degree sexual

4

battery. The Defendant avers the State relied on the evidence of spraying pepper spray to prove both offenses.

The State contends it listed a multitude of evidence available to support the home invasion offense and did not limit itself since so much evidence supported the charge. The State then contends the evidence it used to support the intent to use force or violence element of home invasion was the Defendant's battery of the victim when he threw her to the floor.

When the Defendant entered the residence with pepper spray, he did not have to actually discharge the pepper spray, causing serious bodily injury to the victim, or touch the victim to be found guilty of home invasion. The Defendant only had to *intend* to discharge the pepper spray or forcefully touch the victim. Furthermore, in order to convict the Defendant of second degree sexual battery, the State was required to prove the Defendant actually caused serious bodily injury to the victim by spraying her with pepper spray and that he inserted his finger in her vagina. We find that the record supports the determination that in the present matter the crimes of home invasion and second degree sexual battery were separate and distinct offenses. For these reasons, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, the Defendant contends the sentences imposed by the trial court are excessive.

> This court has set forth the following standard to be used in reviewing excessive sentence claims:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404

5

So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1[, 3] (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784[, p. 2] (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Guidry*, 11-695, p. 3 (La.App. 3 Cir. 12/7/11), 79 So.3d 1242, 1244-45 (alterations in original).

The Defendant pled guilty to home invasion, which is punishable by a term of five to twenty years at hard labor with at least five years of the sentence imposed without benefit of probation, parole, or suspension of sentence. La.R.S. 14:62.8(B)(1). The Defendant was sentenced to fifteen years with the Department of Corrections. The trial court suspended five years of that sentence and ordered the first

five years of the sentence to be served without benefit of probation, parole, or suspension of sentence. The trial court further ordered that, upon the Defendant's release from incarceration, he be placed on probation for five years.

The Defendant also pled guilty to second degree sexual battery, which is punishable by a term of not more than fifteen years with or without hard labor without benefit of probation, parole, or suspension of sentence. La.R.S. 14:43.2(C)(1). The Defendant was sentenced to twelve years with the Department of Corrections without benefit of probation, parole, or suspension of sentence.

At the sentencing hearing, defense counsel informed the trial court that the Defendant had a substance abuse problem that may have contributed to his lack of judgment. Defense counsel noted the Defendant was nineteen years old, the child of a disabled single mother, had not completed high school, and had no criminal record. Defense counsel then stated the victim asked that the sentence be "not less than five years."

When sentencing the Defendant, the trial court stated:

> The defendant, in his statement to the probation officer, indicated that something happened and he didn't intend for the attempted rape of the victim in this case to happen. The physical facts seem to belie that. It appears to me that an open condom and a condom still in its wrapper found in the house and being armed with pepper spray, for someone who says he believes that the house is empty, is ludicrous. I think he made up that story. I think that it is more like what Mr. Kimball describes as he stalked, observed what was going on. The boyfriend left. He went in the house. He broke in. He saw her on the couch, jumped over the couch, sprayed her with pepper spray, grabbed her clothes, kept her from trying to escape, and attempted to rape her. That's what I believe, and I am going to sentence him accordingly.
>
> I am taking into account the fact that he did save the Court the time and effort from having to present this case for trial. I feel like any lesser sentence would seriously deprecate the seriousness of what he did.

The Defendant contends the trial court imposed much longer sentences than the five year minimum requested by the victim. Additionally, he admitted his guilt, lacks

7

a criminal record, is young, and is in need of substance abuse treatment; thus, Defendant argues, the sentences imposed make no measurable contribution to acceptable goals of punishment. Further, Defendant claims that the trial court's intention to suspend five years of the sentence imposed for home invasion was thwarted by the trial court's imposition of twelve years without benefits for second degree sexual battery.

The State contends the Defendant's sentences are not excessive, and he benefitted from the dismissal of several other charges, including simple burglary, unlawful possession of alcohol, and disturbing the peace, as part of his plea agreement. We note that the State did dismiss the above-referenced charges that were pending in two other docket numbers. However, there was no mention of the dismissal being part of a plea agreement.

This court could find no similar cases for comparison with the sentences imposed in the case at bar. "While comparisons with other similar cases 'is useful in itself and sets the stage,' [*State v.*] *Telsee*, 425 So.2d [1251] at 1254 [(La.1983)], the focus of sentence review remains on the character and propensities of the offender and the circumstances of the offense. *Id.*" *State v. LeBlanc*, 09-1355, p. 10 (La. 7/6/10), 41 So.3d 1168, 1173.

"[S]entences at or near the maximum should ordinarily apply only to the most blameworthy offenders committing the most serious violations of the described offense." *Id.* This court finds the circumstances of the offenses were appalling, as the Defendant apparently waited for the victim's boyfriend to leave, entered the residence with an open condom, sprayed the victim with pepper spray to disorient or overcome her, threw her to the ground, removed her shorts, and inserted his finger in her vagina. In light of these circumstances, we hereby rule that the near maximum sentences

8

imposed were within the statutory range and are not excessive despite the Defendant's classification as a first offender.

## DISPOSITION

The Defendant's sentences are hereby affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule2-16-3.