ROLAND L. BELSOME, Judge.
11 The defendant-appellant, Timothy McCarthy, pled guilty to three counts of simple burglary resulting from the theft of copper pipes and wiring. As a result of the guilty plea, he was sentenced to probation and ordered to pay restitution in the amount of $25,000. On appeal, he contends that the amount of restitution is excessive. For the reasons that follow we affirm the defendant’s sentences.

Procedural History

The State filed a bill of information charging the defendant with three counts of simple burglary, violations of La. R.S. 14:62, committed within a two-week time span against the same victim, Norfolk Southern Railroad, at the same location. At arraignment, he and the State entered into a plea bargain in which he entered pleas of guilty as to all three counts and was sentenced on each count to two years at hard labor. Pursuant to the bargain, the trial court suspended each sentence and placed the defendant on three years active probation. The court directed that all sentences run concurrently. The court also set the matter for a hearing to determine restitution.
After taking testimony as to the costs to replace the copper and repair the damage caused by its removal, the court recessed the matter and directed the State pto determine if the victim had made any insurance claims. When the matter resumed, the court set the amount of restitution at $25,000 as a special condition of probation. The court also amended the defendant’s sentences to be three years at hard labor, suspended, and five years active probation. On November 3, 2011, the defendant through counsel filed a motion to appeal, which was granted.
After the appellant’s brief was filed, the State filed a motion to suspend the briefing schedule, which was denied. Then the State filed a motion to remand, which was granted, and the matter was remanded for the purpose of allowing the trial court to conduct an evidentiary hearing on whether the increase in the defendant’s sentence on October 14, 2011 violated his plea bargain, as the appellant alleged in his brief.[1] The trial court was further ordered to determine the appropriate relief if it concluded *396 that the terms of the plea agreement had been violated.
On remand, the defendant appeared in the trial court for resentencing. At that time the trial court addressed a rule to show cause, filed by his probation officer, why his probation should not be revoked. The defendant waived a hearing and admitted to the allegations in the rule. The trial court then revoked the defendant’s probation, set aside the sentence of October 14, 2011, which exceeded the terms of the plea bargain, and sentenced the defendant to serve two years at hard labor, all counts to run concurrently. Following this action by the trial court, the parties were notified by this Court that the case was no longer on remand.
|sOn appeal, the defendant contends that the trial court erred when it set restitution in the amount of $25,000, averring that the evidence presented at the hearing does not support that amount and that the defense was not allowed to properly inspect the property in order to develop evidence of the victim’s loss.[2]
Restitution is provided for in article 895 and 895.1 of the Louisiana Criminal Code.[3] The restitution provided for in La.C.Cr.P. art. 895(A)(7) and La.C.Cr.P. art. 895.1 are both conditioned on the defendant receiving probation, which the defendant in the instant case did.
A review of the record indicates that the defendant failed to preserve for review the issue of an excessive sentence. Prior to appealing an excessive sentence, a motion to reconsider sentence must be filed within thirty days of sentencing as required by La.C.Cr.P. art 881.1. In addition, this Court has held |4that the failure to file a motion to reconsider sentence or to object to the sentence at the time it is imposed precludes a defendant from rais *397 ing a claim about his sentence on appeal.[4] The failure to file a motion to reconsider sentence also precludes review on appeal of the issue of restitution imposed. See State v. Lambert, 2011-2006, p. 12 (La.App. 1 Cir. 6/8/12), 93 So.3d 771, 778. The defendant’s “failure to make or file a motion to reconsider sentence precludes him from raising an objection on appeal.” State v. Felder, 2000-2887, p. 10 (La.App.1Cir.9/28/01), 809 So.2d 360, 369; see also, LSA-C.Cr.P. arts. 881.1(D) and 881.2(A)(1). Thus, the defendant’s arguments concerning restitution are not properly before this Court.
The failure to file a motion to reconsider sentence is the basis of the defendant’s assertion that his trial counsel was ineffective. More specifically, the defendant claims that he was initially given a sentence that was in excess of his plea bargain and that the amount of restitution he was ordered to pay was excessive for someone of his indigent status.[5] Additionally, counsel’s failure to file a motion to reconsider sentence prohibits appellate review of the ordered restitution.
Generally, claims of ineffective assistance of counsel are more properly raised by application for post-conviction relief in the trial court, where an evidentia-ry hearing can be conducted if warranted, unless the record on appeal is sufficient to make the determination. State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802; State v. Bordes, 98-0086, p. 7 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147. Ineffective assistance of counsel claims are | .^reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Robinson, 98-1606, p. 10 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 126. In order to prevail, the defendant must show both that: (1) counsel’s performance was deficient; and (2) he was prejudiced by the deficiency. State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir. 5/12/99), 733 So.2d 736, 741.
As to the increase in the defendant’s sentence from two years to three years suspended, while it is certainly arguable that counsel’s conduct was deficient in not pointing out to the court that the plea bargain called for a two-year suspended sentence, the defendant cannot demonstrate any prejudice in light of the trial court’s set a two-year sentence on remand.
The defendant further contends that he was prejudiced by counsel’s deficiency in not filing a motion to reconsider sentence specifically related to the amount of restitution. In general, it is not a violation of an indigent’s due process rights to be ordered to pay restitution, and in fact various statutes require that restitution be ordered. The defendant’s primary argument regarding counsel’s failure to file a motion to reconsider sentence relates to the amount of restitution that was ordered. More specifically, the defendant claims that the restitution was set at an amount that he would never be able to satisfy and, thus, he would be subject to having his probation revoked. Equally important, because a motion to reconsider sentence was not filed, this issue was not preserved for appeal.
*398 When this matter was remanded to the trial court for correction of the defendant’s sentence, his parole was revoked. The revocation was a result of a [fimotion to revoke probation filed by the defendant’s probation and parole officer. Presumably, the revocation was based on non-payment of restitution, but we cannot say with certainty since the motion is not included in the record. Although the defendant’s argument that he was prejudiced may have merit, we find the record on appeal is insufficient to adequately address the defendant’s claim of ineffective counsel and, therefore, the issue is more appropriately addressed in an application for post-conviction relief.
For the reasons discussed, Timothy McCarthy’s sentences are affirmed.
AFFIRMED

. In the appellee's Motion to Remand, the State acknowledged that the increase in the sentence was a violation of the defendant’s plea bargain and asked that the matter be remanded "to the trial court to conduct a hearing on this limited issue.”

. Testimony presented at trial established it would cost approximately $40,000 to replace the copper and repair the damage caused by its removal.

. La.C.Cr.P. art. 895 provides in pertinent part:
A. When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following. That the defendant shall:
[[Image here]]
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court; ...
La.C.Cr.P. art. 895.1 states in pertinent part: A. (1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in [sic] discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
[[Image here]]
B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
[[Image here]]
(5) To the victim to compensate him for his loss and inconvenience. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein.

. State v. Jenkins, 2009-1551 (La.App. 4 Cir. 6/30/10) 45 So.3d 173; State v. Stewart, 2004-2219 (La.App. 4 Cir. 6/29/05), 909 So.2d 636; State v. Rodriguez, 2000-0519 (La.App. 4 Cir. 2/14/01), 781 So.2d 640; State v. Tyler, 98-1667 (La.App. 4 Cir. 11/24/99), 749 So.2d 767.

. This Court acknowledges that the sentence initially imposed by the trial court exceeded the plea bargain entered into by the defendant and the State. That specific issue was addressed on remand.