JENKINS, J.,
concurs and assigns reasons.
_JjI concur in the majority’s affirmation of defendant’s convictions and sentences. I write separately, however, in regard to the majority’s review of defendant’s excessive sentence claim.
There is no indication that trial-counsel objected to the sentences or filed a written motion to reconsider the sentences as required by La. C. Cr. P. art. 881.1. This Court has repeatedly held that where a defendant fails to object in any way to his sentence and fails to file a motion to reconsider the sentence, he is precluded from raising claims about his sentence on appeal. State v. Spencer, 14-0003, p. 14-19 (La.App. 4 Cir. 10/8/14), 151 So.3d 816, 825-27; State v. Johnson, 13-0417, pp. 4-5 (La.App. 4 Cir. 1/22/14), 133 So.3d 138, 140-41 (citing State v. McCarthy, 12-0342, p. 5 (La.App. 4 Cir. 3/27/13), 112 So.3d 394, 397); See La. C. Cr. P. art 881.1(E). However, there are two instances where we will review claims for excessive sentence despite the failure to file a written motion to reconsider.
First, wé have reviewed claims for ex-cessiveness where the defendant orally objected to his sentence but failed to file a motion to reconsider. State v. Veal, 12-0712, p. 23 (La.App. 4 Cir. 5/1/13), 116 So.3d 779, 792-93 (finding that an oral objection to sentence at the time of imposition preserved a claim for excessiveness |2on appeal though defendant did not file a motion to reconsider); State v. Robinson, 99-2236, pp. 8-9 (La.App. 4 Cir. 11/29/00), 772 So.2d 966, 972-73, rev’d on other grounds, 01-0273 (La.5/17/02), 817 So.2d 1131; State v. Thompson, 98-0988, pp. 7-8 (La.App. 4 Cir. 1/26/00), 752 So.2d 293, 297-98. Here, as the majority notes, the defendant neither orally objected to his sentence nor filed any motion to reconsider his sentence. Thus, his argument for excessiveness should be precluded from review unless it falls under the second instance where this Court has reviewed the claims despite failure to object or file a motion to reconsider sentence.
The second instance where we will review a sentence for excessiveness is when we consider an ineffective assistance of counsel claim for failure to timely file a motion to reconsider sentence. State v. Jenkins, 09-1551, p. 5 (La.App, 4 Cir. 6/30/10), 45 So.3d 173, 176-77 (“... [T]o determine whether an ineffective . assistance of counsel claim for failure to timely file a motion to reconsider sentence claim has merit, this Court must first determine whether the sentence is excessive.”); Spencer, supra (finding sufficient evidence to address an ineffective assistance of counsel claim for failure to file a motion to reconsider sentence and reviewing defendant’s sentence for excessiveness in that context); State v. Bernard, 14-0580, pp. 23-28 (La.App. 4 Cir. 6/3/15), 171 So.3d 1063, 1079-81 (reviewing sentences for ex-cessiveness in the context of an ineffective assistance of counsel claim where trial counsel failed to object or file a motion to reconsider sentence). Unlike the court in Spencer or Bernard, the majority here determines the appeal record inadequate to review all of the defendant’s claims of ineffective assistance of counsel and finds that defendant’s ineffective assistance of counsel claims are more properly raised in an application for post-conviction relief. While I agree that, in this instance, defendant’s ineffective assistance of counsel *791 claims are more properly raised by an application for post-conviction relief, this finding | .-¡precludes us .from engaging in an excessive sentence analysis. State v. Jenkins, 09-1551, p. 5 (La.App. 4 Cir. 6/30/10), 45 So.3d 173, 176-77; State v. Spencer, 14-0003, p. 14-19 (La.App. 4 Cir. 10/8/14), 151 So.3d 816, 825-27; State v. Bernard, 14-0580, pp. 23-28 (La.App. 4 Cir. 6/3/15), 171 So.3d 1063, 1079-81.