STATE OF LOUISIANA      \*      NO. 2023-KA-0497

VERSUS      \*

                      COURT OF APPEAL

DONALD J. REAUX      \*

                      FOURTH CIRCUIT

     \*

                      STATE OF LOUISIANA

        \* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 545-064, SECTION "H"
Honorable Camille Buras, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase,
Judge Dale N. Atkins)


Jason Rogers Williams
District Attorney
Brad Scott
Assistant District Attorney, Chief of Appeals
Zachary M. Phillips, Assistant District Attorney
619 S. White Street
New Orleans, LA 70119

       COUNSEL FOR STATE OF LOUISIANA/APPELLEE


Mary Constance Hanes
Louisiana Appellate Project
1538 Short Street
New Orleans, LA 70118


       COUNSEL FOR DEFENDANT/APPELLANT

                     **CONVICTIONS AFFIRMED;
SENTENCES AFFIRMED
IN PART; REMANDED FOR
RESENTENCING IN PART
MARCH 14, 2024**

*TGC*
*JCL*
*DNA*

Defendant/Appellant, Donald Reaux (hereinafter "Mr. Reaux") seeks review of his convictions and sentences for the following: (1) one count of conspiracy to commit armed robbery; (2) one count of armed robbery; (3) one count of second degree murder; (4) one count of conspiracy to obstruct justice; (5) one count of obstruction of justice; and (6) one count of a felon in possession of a firearm. After consideration of the record before this Court and the applicable law, we affirm Mr. Reaux's convictions. However, finding two of Mr. Reaux's sentences exceed the statutory maximum allowed by law, we remand this matter to the trial court to re-sentence Mr. Reaux for the conspiracy to obstruct justice and conspiracy to commit armed robbery convictions. The remaining four sentences imposed by the trial court are affirmed.

## STATEMENT OF THE CASE

Mr. Reaux was charged by a grand jury indictment, on March 27, 2019, with the following: (1) conspiracy to commit armed robbery, a violation of La. R.S. La. R.S. 14:26(64) (Count 1); (2) armed robbery, a violation of La. R.S. 14:64 (Count 2); (3) second degree murder, a violation of La. R.S. 14:30.1 (Count 3); (4)

1

conspiracy to obstruct justice, a violation of La. R.S. 14:26(130.1) (Count 4); (5) obstruction of justice, a violation of La. R.S. 14:130.1 (Count 5); and (6) a felon in possession of a firearm, a violation of La. R.S. 14:95.1 (Count 6). On that same day, Mr. Reaux's two co-defendants, Lovance Wix (hereinafter "Mr. Wix") and Donald Maxwell (hereinafter "Mr. Maxwell") were indicted on the same first five charges. Mr. Reaux pled not guilty to all six counts. Mr. Wix and Mr. Maxwell entered pleas of guilty, to lesser crimes, in exchange for their testimony at Mr. Reaux's trial.[1]

Mr. Reaux's trial commenced on January 17, 2023. After a two day trial, a twelve-member jury found Mr. Reaux guilty on all six counts by unanimous verdicts. On March 9, 2023, he filed two motions for new trial. Mr. Reaux's motions for new trial asserted that (1) he was deprived of a fair jury due to the exclusion of an eligible group of his peers pursuant to La. C.C.P. art. 401(A)(5) and (2) the State failed to set forth sufficient evidence to support all six of his convictions. The trial court denied both motions for new trial and conducted a sentencing hearing on the same day, March 14, 2023.[2] The trial court sentenced

---

[1] At the time of the murder, Mr. Wix was fifteen years old and Mr. Maxwell was eighteen years old. Both men were charged as adults. The State of Louisiana offered plea deals to Mr. Wix and Mr. Maxwell in exchange for their testimony at Mr. Reaux's trial. Both men accepted plea deals and testified at Mr. Reaux's trial.

[2] Counsel for Mr. Reaux waived the statutory sentencing delay provided for in La. C.Cr.P. art. 873 and the trial court proceeded with sentencing. When a defendant is convicted of a felony and "a motion for new trial…is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled" (hereinafter "the 24-Hour Rule"). La. C.Cr.P. art. 873. However, a sentence may be imposed immediately after the denial of a motion for new trial if "the defendant expressly waives a delay… ." *Id*. A trial court's failure to observe the 24-Hour Rule is considered harmless error if a defendant expressly waives the delays found in La. C.Cr.P. art. 873. *See State v. Robinson*, 2021-0254, p. 21 (La.App. 4 Cir. 2/18/22), 336 So.3d 567, 580, *writ denied*, 2022-00437, p. 1 (La. 5/24/22), 338 So.3d 1185, *reconsideration not considered*, 2022-00437, p. 1 (La. 9/7/2022), 345 So.3d 430 (citation omitted). Thus, since counsel for Mr. Reaux expressly waived the delays set forth in La. C.C.P. art. 873, we find the trial court's failure to abide by the 24-Hour Rule a harmless error.

Mr. Reaux on each count, with each count to run concurrently, at hard labor, without benefit of probation, parole, or suspension of sentence. He was sentenced as follows: fifty years as to Count 1; ninety-nine years as to Count 2; life imprisonment as to Count 3; thirty years as to Count 4; forty years as to Count 5; and twenty years as to Count 6.[3] This appeal followed.[4]

### FACTUAL BACKGROUND

On October 29, 2018, the New Orleans Police Department (hereinafter "NOPD") was called to the Waffle House located on Elysian Fields Avenue due to reports of gun shots in the parking lot. Upon arrival at the scene, the NOPD found a man, later determined as Theodore Jones (hereinafter "Mr. Jones"), laying unresponsive in the Waffle House parking lot with multiple gunshot wounds. Mr. Jones was pronounced dead on the scene.

At Mr. Reaux's trial, Lieutenant Dean Herrick (hereinafter "Lt. Herrick"), with the NOPD, testified as to the investigation of Mr. Jones' death. Lt. Herrick informed the jury that the NOPD obtained video footage from multiple locations including: the Waffle House; a neighboring business, Habitat for Humanity; and a Realtime Crime Center camera (hereinafter "RTCC") documenting the entire incident. The video footage was shown to the jury at trial and Lt. Herrick explained the entirety of the video footage to the jury.

Mr. Wix and Mr. Maxwell also testified for the State at Mr. Reaux's trial. Both men testified that Mr. Reaux solicited them to rob three pounds of marijuana

---

[3] The trial court suspended the $100,000.00 fine imposed for Count 5.

[4] On December 30, 2023, this Court granted a request filed by Mr. Reaux allowing him to file a *pro se* supplemental brief. Mr. Reaux was given until January 24, 2024 to file his *pro se* supplemental brief. He was granted an extension to file a *pro se* supplemental brief on or before February 28, 2024. Mr. Reaux did not timely file a brief. Thus, this opinion will only address the assignments of error addressed by Mr. Reaux's counsel.

from Mr. Jones. Mr. Wix stated that Mr. Reaux was supposed to shoot Mr. Jones; however, upon arrival at the Waffle House, Mr. Reaux instructed Mr. Wix and Mr. Maxwell rob and shoot Mr. Jones. Mr. Wix denied shooting Mr. Jones, rather he claims that he shot the gun in the air and not at Mr. Jones. Mr. Maxwell corroborated Mr. Wix's account of the incident. However, Mr. Maxwell admitted to firing the fatal shot that killed Mr. Jones, doing so at the behest of Mr. Reaux. The testimony was consistent with the video footage shown at Mr. Reaux's trial.

## ERRORS PATENT

The record reveals one error patent. *See* La. C.Cr.P. art. 920. This error will be addressed in Assignment of Error Number Two.

## DISCUSSION

On appeal Mr. Reaux asserts the following four assignments of error:

1. [Mr. Reaux's] trial counsel rendered ineffective assistance in waiving his right to be tried by a jury selected from a properly constituted venire which included persons qualified to serve even though they were previously convicted of a felony;

2. The trial court erred in sentencing [Mr. Reaux] to terms of imprisonment which were in excess of the maximum authorized on two counts: conspiracy to commit armed robbery (Count 1) and conspiracy to obstruct justice (Count 4);

3. [Mr. Reaux's] trial counsel rendered ineffective assistance at sentencing in failing to file a motion to reconsider and thereby preserve the sentencing issues for appeal; and in failing to investigate and raise any arguments in mitigation of the sentences; and

4. The sentences which [Mr. Reaux] received are excessive under the circumstances, particularly the maximum sentences; the trial court failed to consider mitigating factors and failed to individualize Mr. Reaux's sentences.

We will consider each assignment of error under its relevant topic.

*Assignment of Error Number One*

## Ineffective Assistance of Counsel – Jury Venire

In his first assignment of error, Mr. Reaux maintains that his trial counsel rendered ineffective assistance of counsel by waiving his right to a properly constituted jury venire. Specifically, he contends his counsel failed to lodge an objection to the improper jury venire and asserts that the outcome of his trial would have been substantially altered if the jury venire was properly constituted.[5]

In general, an ineffective assistance of counsel claim is properly raised in an application for post-conviction relief, within the trial court, where a full evidentiary hearing on the matter may be conducted. *See State v. Brown*, 2016-0965, p. 17 (La.App. 4 Cir. 5/3/17), 219 So.3d 518, 531. Nonetheless, our Supreme Court has determined that if the record on appeal indicates there is evidence to decide the issue of ineffective assistance of counsel and the issue is raised on appeal by an assignment of error, the issue should be considered in the interest of judicial economy. *See State v. Seiss*, 428 So.2d 444, 449 (La. 1983). To support a claim for ineffective assistance of counsel, a defendant must meet the two prong test set forth in *Strickland v. Washington*, which provides that (1) a defendant must show that counsel's representation was deficient and (2) the deficiency prejudiced the

---

[5] As a threshold matter, objections not raised at the trial court cannot be considered by this Court. *See State v. Bethley*, 2022-0849, p. 16 (La.App. 4 Cir. 6/21/23), 368 So.3d 1148, 1159 (Counsel did not file a timely motion to quash the jury venire at the trial court, thus this Court did not address Defendant's assignment of error relative to the composition of the jury venire on appeal)(citation omitted). During Mr. Reaux's trial, his counsel did not object to the composition of the jury venire. The composition of the jury venire was addressed by the trial court twice and Mr. Reaux's counsel stated he did not wish to object. Thus, we find Mr. Reaux is barred from raising this issue for the first time on appeal. *See* La. C.Cr.P. art. 841(A); *see also Bethley*, 2022-0849, pp. 16-17, 368 So.3d at 1159-60 (citation omitted). Further, Mr. Reaux fails to assign error relative to the jury including the proper composition of his peers. Rather, Mr. Reaux asserts mere conclusions that his jury was "hung" and struggling during deliberations without providing evidence to substantiate his conclusions. As such, we find that Mr. Reaux's argument regarding the composition of his jury venire is not properly before this Court. Therefore, this section will only address Mr. Reaux's ineffective assistance of counsel challenge.

5

defendant. 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A defendant must "show that counsel made errors so serious that he was not operating as the type of counsel guaranteed by the Sixth Amendment to the United States Constitution." *State v. Boyd*, 2014-0408, p. 7 (La.App. 4 Cir. 7/25/18), 318 So.3d 397, 402 (citation omitted). It must also be proven that the counsel's error was so severe it deprived the defendant of a fair trial. *Id.* (citation omitted).

Mr. Reaux asserts that his trial counsel failed to object to the improperly constituted jury venire, thus rendering ineffective assistance of counsel, resulting in his convictions. To support this assertion, Mr. Reaux relies on the fact that the juror summons sent to Orleans Parish residents failed to provide the proper juror qualifications set forth in La. C.Cr.P. art. 401(A)(5), which in pertinent part, states:[6]

> In order to qualify to serve as a juror, a person shall meet all of the following requirements:
>
> ***
>
> Not be under indictment, incarcerated under an order of imprisonment, or on probation or parole for a felony offense within the five-year period immediately preceding the person's jury service.

After Mr. Reaux's jury was selected, the trial court noted that the juror summons improperly stated the qualifications for jurors as provided in a previous version of La. C.Cr.P. art. 401(A)(5). The trial court then questioned the attorneys as to whether either party objected to proceeding with the jury venire as constituted. Neither party objected. The record also indicates that counsel informed Mr. Reaux of his right to object to the jury venire. However, when the trial court

---

[6] Prior to August 2021, La. C.Cr.P. art. 401(A)(5) provided, in pertinent part, "[n]ot be under indictment for a felony nor have been convicted of a felony for which he has not been pardoned by the governor."

asked for any objections, Mr. Reaux's counsel stated there was "an out-of-time speedy trial motion and we are ready to go forward." The issue of the juror summons, was raised by the trial court for a second time at the end of trial. Mr. Reaux's counsel again informed the trial court that he spoke with Mr. Reaux, who understood that he had the right to object to the composition of the jury venire. In lieu of objecting, Mr. Reaux and his counsel proceeded with the trial.

Mr. Reaux fails prove that his counsel's informed decision to proceed with trial constitutes a violation of the Sixth Amendment. We do not find counsel's decision to not object to the jury venire supports an ineffective assistance of counsel challenge. Rather, we find that Mr. Reaux's counsel informed his client and made a tactical choice to proceed to trial. The record supports this assertion as counsel informed the trial court that there was an outstanding "motion for speedy trial" and Mr. Reaux wished to proceed with his trial. This Court does not review or "second-guess strategic and tactical choices made by counsel." *State v. Paulson*, 2015-0454, p. 11 (La.App. 4 Cir. 9/30/15), 177 So.3d 360, 368 (quoting *State v. Myles*, 389 So.2d 12, 31 (La. 1979))(citation omitted). "[I]f an alleged error falls 'within the ambit of trial strategy' it does not establish ineffective assistance of counsel.' " *Id.*, 2015-0454, pp. 11-12, 177 So.3d at 368 (citations omitted). Thus, counsel's choice to proceed with trial is not evidence of a deficient performance and did not prejudice Mr. Reaux. Accordingly, Mr. Reaux's first assignment of error is without merit.

*Assignment of Error Three and Four*

## Ineffective Assistance of Counsel - Sentencing

Mr. Reaux's third and fourth assignments of error concern ineffective assistance of counsel challenges as it relates to his sentences. In Mr. Reaux's third

7

assignment of error, he maintains that his trial counsel was ineffective in failing to file a motion to reconsider the sentences imposed by the trial court, thus failing to preserve his right to raise this on appeal. In his fourth assignment of error, Mr. Reaux contends that the trial court imposed excessive sentences as to all six convictions.[7] He maintains that the trial court erred when it failed to consider each of the convictions and sentences separately.

This Court has determined that a failure to file a motion to reconsider a sentence precludes appellate review. *State v. Jenkins*, 2009-1551, p. 5 (La.App. 4 Cir. 6/30/10), 45 So.3d 173, 176 (citation omitted). However, whether the failure to file a motion to reconsider a sentence constitutes ineffective assistance of counsel is contingent on whether the sentences imposed are excessive. *Id.,* 2009-1551, p. 5, 45 So.3d at 176-77 (citations omitted). In reviewing claims of excessive sentences, an appellate court must determine if the trial court complied with the guidelines set forth in La. C.Cr.P. art. 894.1 and whether the sentence is warranted by the facts contained in the record. *See State v. Bethley*, 2022-0849, p. 14, 368 So.3d at 1158. Our Supreme Court has set forth the following guidelines in evaluating a claim of excessive sentencing:

> Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to ... excessive ... punishment." (Emphasis added). Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762, 767 (La. 1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. *State v. Bonanno*, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a

---

[7] This matter is being remanded for resentencing of Mr. Reaux's convictions of conspiracy to commit armed robbery and conspiracy to obstruct justice. Thus, this section will only address the sentences imposed by the trial court for Mr. Reaux's convictions of armed robbery; second degree murder; obstruction of justice; and felon in possession of a firearm.

> reviewing court may not set a sentence aside absent a manifest abuse of discretion. *State v. Cann*, 471 So.2d 701, 703 (La. 1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. (citation omitted).

*State v. Smith*, 2001-2574, pp. 6-7 (La. 1/14/03), 839 So.2d 1, 4. Thus, we will review Mr. Reaux's sentences to determine if the trial court abused its vast discretion and determine whether the sentences imposed are grossly disproportionate to the crimes committed.

The trial court imposed maximum sentences for Mr. Reaux's second degree murder (life imprisonment), armed robbery (forty years), obstruction of justice (forty years), and felon in possession of firearm (twenty years) convictions. "In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes." *State v. Carter*, 2013-0074, p. 17 (La.App. 4 Cir. 12/11/13), 131 So.3d 153, 165 (citation omitted).

*Second Degree Murder*

We first address the trial court's sentence of life imprisonment for Mr. Reaux' second degree murder conviction. For a conviction of second degree murder, the sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence is mandatory. La. R.S. 14:30.1. "Where a sentence is a mandatory sentence, there is no need for the trial court to justify, under La. C.Cr.P. art. 894.1, a sentence it is legally required to impose." *State v. Ivory*, 54, 886, p. 13 (La.App. 2. Cir. 1/11/23), 355 So.3d 1157, 1164, *writ denied*,

2023-00275 (La.1/10/24), 376 So.3d 132. "Louisiana appellate courts have repeatedly rejected the argument that the mandatory life sentence for second degree murder is a violation of the prohibition against excessive punishment in the Louisiana Constitution." *Id.*, 54, 866, pp. 13-14, 355 So.3d at 1165 (citing *State v. Parker*, 416 So.2d 545 (La. 1982); *State v. Smith*, 49,839 (La.App. 4 Cir. 5/20/15), 166 So.3d 416)). We therefore find the guidelines set forth in La. C.Cr.P. art. 894.1 do not apply to Mr. Reaux's mandatory sentence for second degree. Mr. Reaux is not seeking a downward departure from the statutory minimum sentence for second degree murder. Nonetheless, he is not permitted to rebut the presumption that his life sentence is constitutional:

> [t]o rebut the presumption that the mandatory minimum sentence is constitutional, a defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.

*Ivory*, 54,886, p. 14, 365 So.3d at 1165 (citing *State v. Johnson*, 1997-1906 (La. 3/4/98), 709 So.2d 672, 676) (citation omitted).

In this instant matter, Mr. Reaux, a thirty-eight year old convicted felon, exploited the vulnerability of two teenagers, ages fifteen and eighteen, by enticing them to commit severe crimes, including the horrific crime of murder. This incident sheds light on significant legislative sentencing considerations with respect to Mr. Reaux's culpability and the gravity of his second degree murder offense.

Recognizing the serious nature of Mr. Reaux's actions, especially the coercion of vulnerable youth, the legislature enacted a life sentence for offenders such as Mr. Reaux. This decision not only addresses Mr. Reaux's culpability but

also reflects the legislative obligation to safeguard adolescents from such manipulative and coercive dangers, emphasizing the paramount importance of protecting young minds from such exploitation and serving as a deterrent to prevent similar predatory behavior by others. Lawmakers bear an essential duty to ensure that those who exploit the developmental vulnerabilities of youth are held accountable and to enact and fund protective measures to create safe communities and to foster communities where the potential for such crimes of exploitation and coercion of our youth is eradicated. In this context, the rights of the victim's family and the concerns of the community at large are integral to shaping sentencing laws ensuring that while young people are protected from predatory behaviors, the rights and needs of victims and their families are also at the forefront of legislative sentencing considerations. Thus, we find the legislature "meaningfully tailored" the mandatory life sentence imposed for second degree murder to address "the culpability of the offender, the gravity of the offense and the circumstances of the case." *Ivory*, 54,866, p. 14, 355 So.3d at 1165. Accordingly, the trial court's imposition of the mandatory sentence of life imprisonment for Mr. Reaux's second degree murder conviction is constitutional, proper, and unrebutted.

*Armed Robbery, Obstruction of Justice, and Felon in Possession of a Firearm*

We next address the trial court sentences for Mr. Reaux's armed robbery, obstruction of justice, and felon in possession of firearm convictions. Mr. Reaux argues that the trial court improperly imposed excessive sentences because he never intended to kill Mr. Jones; however, Mr. Reaux did not testify to this fact at trial. Rather, the cumulative testimony of Mr. Maxwell and Mr. Wix indicates that Mr. Reaux intentionally planned to rob Mr. Jones and supplied Mr. Maxwell with the gun that killed Mr. Jones. No evidence was introduced before the trial court to

support Mr. Reaux's assertions. On appeal, Mr. Reaux also contends that the trial court erred in failing to consider his altered mental state when imposing the maximum sentences. He maintains that he was suffering from a manic depressive episode at the time of the commission of the crimes and that his mental state could have affected his decisions. However, no evidence was presented during Mr. Reaux's trial to support the argument that an altered mental state affected his decisions. Thus, the record is void of evidence relative to an altered mental state or its effect on Mr. Reaux's decision making abilities.

Prior to imposing Mr. Reaux's sentences for armed robbery, obstruction of justice, and felon in possession of firearm convictions, the trial court analyzed the sixteen factors for sentencing guidelines contained in La. C.Cr.P. art. 894.1. The brazen and heinous nature of the crimes caused the trial judge to comment that she never had a sentence meet "this many factors under 894.1." The trial court found that Mr. Reaux was intentional in procuring two younger men to be the "trigger men" in the commission of the crimes. To support this finding, the trial court concluded Mr. Wix and Mr. Maxwell both testified truthfully and that Mr. Reaux organized the robbery and his original plan included Mr. Reaux shooting Mr. Jones. The trial court also considered his previous federal felony conviction, in 2001, for bank robbery and carrying a firearm during the commission of a crime and acknowledged that after completing his federal sentence and probation, Mr. Reaux committed heinous crimes just one year after being released. [8]

The record reveals that the trial court carefully analyzed the factors of La. C.Cr.P. art. 894.1 and found no mitigating factors that diminished the seriousness of Mr. Reaux's crimes of armed robbery, obstruction of justice, and felon in

---

[8] Mr. Reaux served a twelve-year prison sentence and five years of probation.

possession of a firearm. Mr. Reaux used a dangerous weapon in the commission of a crime; was the leader in the organization of crimes committed; and that a lesser sentence would diminish the seriousness of the crimes Mr. Reaux committed. *See* La. C.Cr.P. art. 894.1. Taking into account the evidence assessed by the trial court, we do not find the trial court abused its vast discretion in sentencing Mr. Reaux to the maximum sentences for his convictions of armed robbery, obstruction of justice, and a felon in possession of a firearm. Moreover, in consideration of the testimony and evidence, Mr. Reaux's sentences are not vastly disproportionate to the crimes committed nor are the sentences excessive.

This Court has determined that if a sentence is not excessive, a defendant cannot maintain a claim of ineffective assistance of counsel. *See Jenkins*, 2009-1551, p. 5, 45 So.3d at 177 (citation omitted). Accordingly, we find that Mr. Reaux did not establish that his counsel's failure to file a motion to reconsider his sentences is an ineffective assistance of counsel violation. Thus, Mr. Reaux's third and fourth assignments of error lack merit.

*Assignment of Error Two*

### Sentences Exceeding the Statutory Maximum

Mr. Reaux's second assignment of error is that the trial court erred in imposing sentences for the convictions of conspiracy to commit armed robbery (Count 1) and conspiracy to obstruct justice (Count 4) as the sentences exceed the statutory maximum allowed by law. Specifically, he argues the trial court erred in imposing a fifty-year sentence for Count 1 and thirty-year sentence for Count 4. Each sentence will be addressed in turn.

Pursuant to La. R.S. 14:26 (D), "[w]hoever is a party to a criminal conspiracy to commit any other crime shall be fined or imprisoned….such fine or

13

imprisonment shall not exceed one-half of the largest fine, or one-half the longest term of imprisonment prescribed for such offense, or both." Mr. Reaux was found guilty of armed robbery, a violation of La. R.S. 14:64, which provides that "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years." La. R.S. 14:64(B). The trial court imposed a ninety-nine year sentence for Mr. Reaux's armed robbery conviction. Mr. Reaux was also convicted of conspiracy to commit armed robbery and the trial court imposed a fifty year sentence. Considering La. R.S. 14:26(D) and La. R.S. 14:64(B) in *pari materia*, the proper sentence for the conspiracy to commit armed robbery conviction is one-half of ninety-nine-years, the longest term of imprisonment prescribed for Mr. Reaux's armed robbery charge, i.e. forty-nine and one-half years. Thus, the trial court erred in imposing a fifty-year sentence for Mr. Reaux's conspiracy to commit armed robbery conviction.

Mr. Reaux was also found guilty of obstruction of justice, a violation of La. R.S. 14:130.1, which provides, "[w]hen the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be…imprisoned for not more than forty years at hard labor" La. R.S. 14:130.1(B)(1). The trial court imposed a forty-year sentence for the obstruction of justice conviction. However, Mr. Reaux was also found guilty of conspiracy to obstruct justice and the trial court imposed a thirty-year sentence for that conviction. In accordance with La. R.S. 14:26(D), we find the sentence for the conspiracy to obstruct justice conviction is one-half of forty years, the longest term of imprisonment of Mr. Reaux's obstruction of justice conviction, i.e. twenty-

14

years. Thus, the trial court erred in imposing a forty-year sentence for the conspiracy to obstruct justice conviction.

We therefore find that Mr. Reaux's second assignment of error has merit based on the trial court's imposition of sentences, for Count 1 and Count 4, which exceeded that statutory maximum allowed by law. Accordingly, this case is remanded to the trial court for the sole purpose of resentencing Mr. Reaux for Count 1 and Count 4 in accordance with this opinion.

## CONCLUSION

After a thorough review of the record, we affirm Mr. Reaux's convictions. However, we find that the trial court erred in sentencing Mr. Reaux for his convictions of conspiracy to commit armed robbery (Count 1) and conspiracy to obstruct justice (Count 4) and therefore remand this matter for resentencing. In all other respects, we affirm Mr. Reaux's convictions and remaining sentences.

## DECREE

Based on the foregoing, Mr. Reaux's convictions are affirmed. We remand this matter to the trial court for the resentencing of Mr. Reaux's conspiracy to commit armed robbery and conspiracy to obstruct justice convictions. Mr. Reaux's remaining sentences are affirmed.

**CONVICTIONS AFFIRMED;
SENTENCES AFFIRMED
IN PART; REMANDED FOR
RESENTENCING IN PART**