EDWIN A. LOMBARD, Judge.
|, The only issue before us is whether the defendant’s sentence should be vacated and the matter remanded to the district *701 court for a ruling on the defendant’s pending motion for a new trial. After review of the record in light of the applicable law and agreement of the parties, we vacate the defendant’s sentence and remand the matter to the trial court for further proceedings.

Relevant Facts and Procedural History

On February 9, 2010, the defendant, Kedrick Johnson, was charged by bill of information with battery of a police officer while in custody, a violation of La.Rev. Stat. 14:34.2(B)(2). On September 16, 2010, a jury found him guilty as charged. On October 4, 2010, the defendant filed a motion for a new trial, a motion for a presentence report, and a notice of appeal. On January 30, 2011, apparently without ruling on the motion for new trial, the district court sentenced the defendant to serve five years at hard labor without benefit of probation, parole, or suspension of sentence.

Discussion

Pursuant to La.Code Crim. Proe. art. 853 “[a] motion for new trial must be filed and disposed of before sentence.” On appeal, the defendant asserts that the .[¿district court’s failure to rule on his motion for a new trial mandates that his sentence be vacated and the matter remanded ' for a ruling on the outstanding motion and for resentencing. The State agrees.

Conclusion

The defendant’s sentence is vacated and the matter is remanded to the district court for a ruling on the defendant’s motion for new trial.
SENTENCE VACATED; REMANDED.